AMERICAN SAMOA GOVERNMENT, Plaintiff

v.

TAPULOA VAITAUTOLU., Defendant

High Court of American Samoa
Trial Division

CR No. 010-85

July 22, 1985

Before MURPHY, Associate Justice.

Counsel:   For the Plaintiff, Mike Bennett, Assistant Attorney
           General
           For the Defendant, Aviata Fa'alevao

## FACTS

The defendant requested through his attorney to be present at his motion for new trial. The court apprised of the law denied said request and issues the following opinion.

## LAW

Requests by defendants to be present at post-judgment motions or at appellate proceedings come to the court from time to time. This court is of the opinion there are sound legal reasons for these requests to be denied.

Practically speaking, if a defendant had the right to be at every post judgment or appellate proceeding courts would create a potential busing system for prisoners since hearings are often held far from the place of incarceration.

The security risk in transporting prisoners increases after conviction and some prisoners, if the rule requested by the defendant were adopted, might appeal only for the chance to escape.

The right that the defendant relies on is the right to be present at trial under the Sixth Amendment to the United States Constitution in Lewis v. United States, 146 U.S. 371 (1892). (See similar rights of an accused under Art. I sec.14 of the Revised Constitution of American Samoa). A majority of states have interpreted the right to be at trial limited to proceedings from jury selection to imposition of judgment. See 69 ALR 2d

70

824-849.    In Snyder   v. Massachusetts,   291 US  97 (overruled on other grounds,   Malloy v.   Hogan, 378   U.S. 1), the United States Supreme Court states that a defendant did not  have the  right to be present   at post-verdict   hearing although  said issue was not presented for decision in that case.

This Court   can   see   no   reason   to   grant   the defendant's request to be present at his motion for new trial.